**UNITED STATES COURT OF APPEALS**
THURGOOD MARSHALL UNITED STATES COURTHOUSE
40 FOLEY SQUARE
NEW YORK, NY 10007

CATHERINE O'HAGAN WOLFE
CLERK OF COURT

(212) 857-8585
FAX (212) 857-8710

February 9, 2023

Kannon K. Shanmugam, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006

John C. O'Quinn, Esq.
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004

    Re: *Syntel Sterling Best Shores Mauritius Limited v. The TriZetto Group, Inc.*,
     Docket No. 21-1370

Dear Counsel:

  I am writing to notify you of a possible conflict that has arisen involving a member of the panel that heard argument in this case on September 19, 2022. Notice is provided under the provision of the Canons of Judicial Conduct, Canon 3.

  Specifically, a member of the panel's life partner is a solo practitioner who renders physical therapy and related services. In late October 2022, the practitioner hired a company, Kareo, Inc., to maintain electronic records and provide third-party billing services for patient reimbursement. The practitioner, an out-of-network provider, engaged Kareo, to interact with the practitioner's patients' healthcare insurers. On February 6, 2023, the practitioner first informed the panel judge that defendant TriZetto, Inc. acts as Kareo's "clearing house" in handling third-party billing. The practitioner has no direct contact, or contractual relationship, with TriZetto. Since the inception of the October 2022 contract, Kareo has handled approximately $2,000 in third-party billing for patient reimbursement.

  Though the practitioner does not have a financial interest in TriZetto, or arguably appear to have any interest that could be "substantially affected by the outcome of the appeal," the judge has asked that I notify you of the situation to provide you with an opportunity to request the judge's recusal from the appeal, which remains sub judice. *See Code of Conduct for United*

*States Judges,* Canon 3(C)(1)(c), *reprinted in II Guide to Judiciary Policies and Procedures: Codes of Conduct for Judges and Judicial Employees* I-7 (2003) ("Guide to Codes of Conduct"); *see also* 28 USC § 455(a) and (e); 2B *Guide to Judiciary Policy,* § 220, Advisory Opinion No. 107, at 207 (June 2009).

Please advise me by letter whether you seek the judge's recusal or you mutually agree that the judge should continue to participate in the determination of this appeal. If you elect to request the judge's recusal, I will not disclose to the panel the identity of the party that has requested the recusal. If you request the judge's recusal, both this letter and your responses will be place under seal. If you mutually agree that the judge should continue to participate in the appeal, both this letter and your responses will be placed on the docket. *See Guide to Codes of Conduct,* Commentary to Canon 3, at I-10; *see also, U.S. v. Larsen,* 348 F.3d 329, 333 (2d Cir. 2003). The letters should be submitted by Thursday, February 16, 2023 to my direct email, Catherine_Wolfe@ca2.uscourts.gov.

Very truly yours,

Catherine O'Hagan Wolfe
Clerk of Court